■ In the Matter of Lucinda A. Harvey, Respondent, v Peter G. Harvey, Appellant.—Order, insofar as appealed from, unanimously modified, on the facts, and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: We modify the order of Family Court by directing that respondent shall pay petitioner the sum of $5,095.50 as arrears for moneys due from January 1, 1981 to and including June 1, 1985 under a separation agreement which has been incorporated in a divorce decree. Petitioner shall have judgment for that sum which shall be deemed child support only.

The separation agreement provides that alimony payments shall continue until the occurrence of "[r]esidence by the wife and any man out-of-wedlock." Before commencing this proceeding, petitioner admitted to respondent that she and another man "were living together." Also, at her direction, her attorney wrote to respondent's attorney admitting that petitioner had "taken up residence out-of-wedlock with a nonrelated member of the opposite sex." Further, the separation agreement provides that the martial residence be sold if petitioner resides with another man. In view of this provision, petitioner obtained an appraisal and discussed with respondent the purchase of his share of the residence. Moreover, petitioner had previously commenced an action in Supreme Court seeking the payment of arrears due under the separation agreement, and in that action she did not deny respondent's allegation that she and another man were living together "exactly as though they were married."

Upon the hearing in this proceeding, petitioner denied she was residing with her boyfriend, stating at first that they slept together only occasionally. Upon further cross-examination of her and of her boyfriend, they testified that the boyfriend

stayed overnight at her residence two to three nights a week over a period of several years; that he kept some of his clothes, a toothbrush, toilet articles, and his weights at her house; that they ate meals together; that they planned to get married as soon as he became divorced from his wife; that he coached her son's Little League team; and that they and her two children visited petitioner's parents together. Further, he made many repairs to petitioner's residence and he bought her groceries twice a month. During the year 1981, he separated from his wife, and until the summer of 1982, he had no apartment of his own. He used his mother's home as his mailing address and he claimed that as his residence.

Although the testimony of petitioner and her boyfriend may not be sufficient to show that he was a resident at petitioner's house rather than only a frequent visitor, that testimony fails, in our view, to overcome the persuasive effect of the admissions petitioner made before commencing this proceeding. Thus, we find that commencing in October 1981 petitioner was residing with a man out of wedlock within the terms of the separation agreement and was not thereafter entitled to payments designated as "alimony".

We agree with petitioner, however, that until the marital residence is sold, respondent is obligated to pay the real estate taxes and the principal and interest due on the mortgage. Our recomputation of the amount of arrears due petitioner omits any payments for alimony after the month of October 1981, but includes tax and mortgage payments as well as payments for child support. (Appeal from order of Oswego County Family Court, Comstock, J.—arrearages and support.) Present— Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.